IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:13-cr-00189-MC-1<br>No. 1:18-cv-00911-MC |
| v. | **OPINION & ORDER** |
| **MARY JEANETTE HAYES**, | |
| Defendant. | |

McSHANE, District Judge.

The matter comes before the Court on Defendant Mary Jeanette Hayes's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 184. Defendant also moves for appointment of counsel. ECF No. 185. For the reasons set forth below, Defendant's Motion under § 2255 is DENIED. Because the motion and record conclusively show that Defendant is entitled to no relief, no evidentiary hearing is required. Defendant's motion for appointment of counsel is also DENIED.

## BACKGROUND

In May 2013, Defendant Mary Jeanette Hayes was indicted for a single count of Unlawful Possession of a Firearm (Count 1) and a single count of Unlawful Possession of a Machine Gun (Count 2). ECF No. 1. On February 19, 2014, Hayes entered into plea agreement by which she agreed to plead guilty to Count 1, in exchange for which the Government agreed to drop Count 2 of the indictment and further agreed not to pursue an enhanced sentence under the Armed Career Criminal Act ("ACCA") based on Haye's prior felony drug offense convictions. ECF No. 68.

The parties agreed to stipulate to a sentence of 100 months. ECF No. 84. At the time of sentencing, however, the Court declined to accept the stipulated sentence and sentencing was set over for a year while Hayes continued on pretrial release. ECF Nos. 85, 88.

On November 20, 2015, Hayes was permitted to withdraw her guilty plea and enter a new plea, pursuant to a new plea agreement. ECF Nos. 97, 98. Under the new agreement, Hayes again agreed to plead guilty to Count 1 in exchange for dismissal of Count 2 and the Government's agreement not to pursue an enhanced sentence under the ACCA. ECF No. 98. The parties agreed that Hayes's base offense level was 26, with a two-level enhancement for a stolen gun and a three-level reduction for acceptance of responsibility for a total offense level of 25. ECF No. 98. Hayes's Criminal History Category was VI, resulting in an advisory guidelines range of 110-120 months. ECF No. 101 ("PSR"). In its sentencing memorandum, the Government noted that Hayes had made considerable positive progress while on pretrial release and noted that, if Hayes were granted a four-level reduction for post-offense rehabilitation, her guidelines range would be 77-96 months and observed that a defendant with no criminal history would have a guidelines range of 30-37 months. ECF No. 102.

On January 27, 2016, Hayes was sentenced to five years of probation, with 250 hours of community service work to be performed at the direction of her probation officer. ECF No. 104. As additional special conditions of probation, Hayes was ordered to continue full time school and/or employment and to have no contact with her co-defendant, Erlindo Manuel Nunez. ECF No. 104. This sentence represented a substantial variance below the guideline range based on consideration of the 18 U.S.C. § 3553(a) factors. ECF No. 105.

In May 2017, Haye's probation officers filed a petition alleging that Hayes had violated the terms of her probation by having contact with her co-defendant, by failing to maintain school

and employment and lying about it, and by possessing methamphetamine. A second petition further alleged possession of methamphetamine and possession of a switchblade knife. ECF No. 166. Hayes was lodged in state custody and eventually convicted of state charges of Possession of Methamphetamine. ECF No. 166. Hayes was sentenced to 18 months of probation on the state charges and transferred into federal custody to address her federal probation violation. ECF No. 166. The Government sought revocation of Hayes's probation and a sentence of 110 months. ECF No. 166.

At the time of her probation violation hearing, Hayes was represented by attorney Donald Scales. ECF No. 162. Hayes admitted to violating the terms of her probation by possessing a controlled substance, by failing to maintain full time school and/or employment, and by having contact with her co-defendant. ECF No. 172. The Court accepted Hayes's admissions and, on July 27, 2017, the Court sentenced her to 75 months, followed by a three year term of supervised release. ECF No. 172. At the time of sentencing, the Court advised Hayes of her right to appeal. ECF No. 171. Hayes did not file a direct appeal of her sentence.

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052,

1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

**DISCUSSION**

Hayes seeks to vacate her sentence based on ineffective assistance of counsel. Hayes asserts that her attorney, Donald Scales, was ineffective for (1) failing to file a notice of appeal, (2) failing to present mitigation evidence and argument in support of a lower sentence, and (3) failing to challenge the sentence on the basis that Unlawful Possession of a Firearm is not a "crime of violence" under the guidelines. Courts use a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 562 U.S. 115, 121 (2011). Under this test, a defendant must prove that counsel's assistance was deficient and that

the deficient performance prejudiced the defense. *Id.*; *see also Schurz v. Ryan*, 730 F.3d 812, 815 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 141 (2014).

To prove the deficiency of counsel's performance, the defendant must show counsel made errors so serious that his "'representation fell below an objective standard of reasonableness'" under prevailing professional norms. *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688.

In assessing whether counsel's performance was deficient, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and make every effort 'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). Ultimately, the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

"To satisfy the prejudice prong under *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant[.]" *Strickland*, 466 U.S. at 697. "If it is easier

to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

I. **Failure to File a Direct Appeal**

Hayes argues that Scales was ineffective for failing to file a direct appeal. A lawyer "who disregards specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In cases where there is not an express direction concerning the filing of an appeal, the attorney has a duty "to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 479. This inquiry is undertaken based on the information counsel knew or should have known at the time. *Id.* In order to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. This inquiry is fact-specific and "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485.

In this case, as previously noted, Hayes was advised of her right to file an appeal at the time of sentencing. Hayes alleges that she directed Scales to file a notice of appeal and that he did not do so. At the Government's request, the Court directed Scales to respond to the allegations raised by Hayes in her § 2255 motion. Scales has provided a Declaration, which the Government had attached as an exhibit to its Response. ECF No. 203.

In his Declaration, Scales "categorically" denies that Hayes ever asked him to file a notice of appeal and that Hayes's assertion to the contrary is "flatly inaccurate." Although Hayes did

contact Scales to ask that he facilitate the release of some of Hayes's personal property to her mother, she did not ask Scales to file a direct appeal of the sentence. Furthermore, Scales did not believe that there were any meritorious grounds for appeal. Hayes has not responded to Scales's Declaration, nor has she presented any contrary evidence to suggest that she promptly expressed an interest in appealing her sentence.

Nor does Hayes demonstrate that she had any non-frivolous grounds for appeal. In the event of a probation violation, the sentencing court may revoke the sentence of probation and resentence the defendant to incarceration. 18 U.S.C. § 3565. The guidelines range is the "starting point and initial benchmark" for sentencing and must be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (internal quotation marks and citation omitted). The sentencing court then considers that factors laid out in 18 U.S.C. § 3553(a) before making an individualized determination. *Id.* Although there is no automatic presumption, a sentence that is consistent with the guidelines "will usually be reasonable." *Id.* at 991, 994 (internal quotation marks and citation omitted).

In the present case, Hayes's total offense level was 25 with a Criminal History Category of VI, which yields an advisory guidelines range of 110-137 months, which is further limited by the statutory maximum of 120 months. PSR, at 11. As noted, the Government sought a sentence of 110 months. The Court's decision to sentence Hayes to 75 months represents a substantial downward departure from the guidelines, based on the Court's consideration of Hayes's post-offense conduct and other mitigating circumstances. Hayes has not presented any evidence or argument to show that this sentence was unreasonable or that there was any other non-frivolous basis for appeal.

On this record, the Court cannot conclude that Hayes received ineffective assistance of counsel based on the failure to file a direct appeal. Nor can the Court conclude that Scales was ineffective for failing to consult with Hayes about a direct appeal in the absence of any evidence either to suggest that a rational defendant would wish to pursue an appeal or that Hayes expressed any interest in pursuing an appeal at the time.

## II. Mitigation Evidence and Argument

Hayes further argues that Scales was ineffective for failing to present evidence and argument tending to mitigate the severity of Hayes's offense. Specifically, Hayes asserts that Scales "failed to present detailed, nonfrivolous evidence of [Hayes's] positive employment history, her efforts at rehabilitation, and her voluntary service to the community." Hayes is incorrect. As Scales notes in his Declaration, the very issues identified by Hayes in her motion were presented to the Court. Indeed, the Court was presented with a considerable volume of mitigating evidence and argument throughout the life this case. Consideration of that mitigating evidence is what led the Court to reject the initial stipulated sentence of 100 months, and further led the Court to sentence Hayes to probation, rather than a term of incarceration. Despite Hayes's failure to adhere to the terms of her probation, consideration of those mitigating factors led the Court to ultimately impose a sentence below the advisory guidelines range.

On consideration of the record, the Court cannot conclude that Hayes was provided with ineffective assistance of counsel based on the alleged failure to present mitigating evidence.

## III. "Crime of Violence"

Finally, Hayes argues that her guideline range was improperly calculated because her conviction for Unlawful Possession of a Firearm is not a "crime of violence" under the guidelines. Hayes's argument on this point is misguided—her guidelines calculations did not involve any

enhancement for a "crime of violence." Rather, Hayes's base offense level was set to 26 because the offense involved a machine gun and because she had more than two prior felony convictions for controlled substance offenses. U.S.S.G. § 2K2.1(a)(1). It was further increased by two levels because the gun in question was stolen. U.S.S.G. § 2K2.1(b)(4). There was no allegation that either Hayes's offense or her prior convictions involved a crime of violence. To the extent that Hayes asserts that counsel was ineffective for failing to raise this issue, her claim fails. Courts cannot find counsel ineffective for failing to advance meritless arguments. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).

### IV. Certificate of Appealability

A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained that a certificate of appealability under § 2253(c) is warranted when a habeas prisoner makes "a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 483-84 (internal quotation marks and citation omitted).

In this case, the Court concludes that Hayes has failed to make the required showing and so declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Defendant's Motion under 28 U.S.C. § 2255, ECF No. 184, is DENIED. No evidentiary hearing is necessary because the allegations in Defendant's motion, when viewed against the record, do not give rise to a claim for relief. Accordingly, Defendant's Motion for Appointment of Counsel, ECF No. 185, is also DENIED. The Court declines to issue a certificate of appealability on the basis that Defendant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

It is so ORDERED and DATED this <u>31st</u> day of January, 2019.

<u>s/Michael J. McShane</u>
MICHAEL McSHANE
United States District Judge